UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULETTE MCDONALD (CRANDELL),

      Plaintiff,

vs.                                                           CIVIL NO.: 04-CV-73417-DT

COMMISSIONER OF                    HON. LAWRENCE P. ZATKOFF
SOCIAL SECURITY,

      Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on January 24, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act ("EAJA") (Docket #25). Defendant has responded. The Court finds that the facts and legal arguments pertinent to parties' motions are adequately presented in the parties' papers, and the decisional process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that the Plaintiff's Application be resolved on the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, the Plaintiff's Application is GRANTED IN PART and DENIED IN PART.

1

## II.  BACKGROUND

Plaintiff filed for widow's insurance benefits on January 8, 2001, alleging that she has been disabled and unable to work since June 3, 1999, due to "systemic lupus erythmatosis [SLE], high blood pressure, headaches, [and] carpel tunnel." Benefits were denied initially on June 4, 2001.  A de novo hearing was held on May 13, 2002, before Administrative Law Judge Alfred H. Varga (the "ALJ").  In a decision dated June 26, 2002, the ALJ found that Plaintiff could perform a limited range of light work and concluded that Plaintiff was not disabled.  The ALJ's decision became the Defendant's final decision when the Appeals Council denied review on June 29, 2004.  The Plaintiff then commenced an action in this Court.  After Magistrate Judge Wallace Capel issued a Report and Recommendation that the ALJ's decision be upheld, this Court issued an Opinion and Order reversing the ALJ's decision, determined that Plaintiff was entitled to benefits and remanded the matter to the Defendant with instructions to award Plaintiff the widow's insurance benefits to which she is entitled under the Social Security Act.  Plaintiff then filed the instant Application to recover $6,081.80 in attorney fees and expenses.

## III.  STANDARD OF REVIEW

The EAJA allows fees and other expenses to a party prevailing against the government in litigation, if that party files a timely application and meetis a net-worth requirement (which Plaintiff does in this case).  The government can avoid an award of such fees and costs if the position of the government was substantially justified, which means that both the underlying denial of disability and the agency's position in court were been reasonable. 28 U.S.C. §2412(d)(2)(D).

The government's position is substantially justified if it is "'justified in substance or in the main,' that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The test of substantial justification is one of reasonableness, and attorney fees are not to be awarded just because the government lost the case. *See Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987); *see also Jankovich v. Bowen*, 868 F.2d 867, 869-70 (6th Cir. 1989) (upholding district court's denial of EAJA fees because, while the ALJ's decision was not supported by substantial evidence, the agency's litigation position was grounded in a reasonable belief in fact and law). In sum, "the substantial justification standard is a lesser standard than the substantial evidence standard used to review administrative determinations." *Brouwers*, 823 F.2d at 275 (emphasis added). In assessing whether the Commissioner's position was substantially justified, the Court must look at the whole of the government's conduct, and not focus on isolated aspects of the government's position. *See Cummings v. Sullivan*, 950 F.2d 492, 500 (7th Cir. 1991). The fact that the government was incorrect on one point does not mean that it lacked substantial justification for its litigation position during the entirety of the civil action. *See Jackson v. Chater*, 94 F.3d 274, 279-80 (7th Cir. 1996).

## IV.  ANALYSIS

When the Court remanded this case to the Defendant for the award of benefits, Plaintiff became the prevailing party against the government.  The Court now must determine whether the Defendant's position was substantially justified and, if so, whether the fees requested by Plaintiff are reasonable.

As set forth in the Court's Opinion and Order granting Plaintiff's Motion for Summary Judgment, the Court found that: (1) the ALJ's findings are inconsistent with the opinions rendered by

Plaintiff's treating physician, Dr. Qazi, which are entitled to substantial deference, particularly if those opinions are uncontradicted (and they were uncontradicted); (2) the ALJ's conclusions that Plaintiff's condition is not vocationally limiting and that there was no joint and skin involvement is not supported by substantial evidence; (3) Dr. Qazi's opinions are heavily supported by his specific and complete clinical findings while treating Plaintiff for the four years leading up to the hearing before the ALJ; (4) Dr. Qazi's opinions and findings that Plaintiff has lupus with joint pain and/or skin involvement are not contradicted by any medical professional; (5) the ALJ's dismissal of Plaintiff's credibility is not supported by the record, as objective medical evidence confirms that Plaintiff's objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain; and (6) no evidence was submitted which would contradict Plaintiff's testimony.

For those reasons, the Court found that there was not substantial evidence to support the ALJ's conclusion that Plaintiff "does not have an impairment, or impairments, which meet or equal section 14.02." Further, the Court found that all factual issues have been resolved and the record adequately demonstrated that Plaintiff is disabled and entitled to widow's insurance benefits. As such, the Court concludes that the underlying denial of disability was not substantially justified, *see Schaefer, supra*, and that Plaintiff is entitled to recover fees pursuant to the EAJA.

Plaintiff asks for attorney fees of $5,778.00 (42.8 hours @ $135.00/hour). Defendant does not object to the hourly rate of $135.00 claimed by Plaintiff's attorney, however, Defendant argues that some of the fees requested by Plaintiff are not reasonable. Specifically, Defendant objects to (a) 3.9 hours that Defendant contends reflect clerical work, and (b) 5.9 hours of the 8.9 hours billed for preparing objections to the Magistrate Judges Report and Recommendation, as Defendant maintains the 5.9 hours were not reasonable for an experienced attorney whose objections largely mirrored

arguments raised in her initial brief. Accordingly, Defendant asks the Court to reduce Plaintiff's fee by 9.8 hours and $1,323.00.

The Court agrees with Defendant's argument that some of the fees were not reasonable. Having reviewed the invoice of Plaintiff's counsel, 3.9 hours of the billed time is clearly clerical in nature and Defendant should not be responsible for bearing the cost of $135.00 an hour for such tasks. In addition, having reviewed the Plaintiff's Motion for Summary Judgment and the Plaintiff's Objections to the Magistrate Judge's Report and Recommendation, the Court finds that the objections did not simply "mirror" the arguments in Plaintiff's Motion for Summary Judgment, but rather, were the same arguments, line for line, although the order of some paragraphs and charts was changed. The Court accepts Defendant's argument that 5.9 hours of the 8.9 hours billed for filing Plaintiff's objection were not reasonable. Accordingly, the Court reduces Plaintiff's fee by 9.8 hours and $1,323.00. Finally, the Court finds that the expenses claimed by Plaintiff are reasonable.

## V.  CONCLUSION

Accordingly, for the reasons stated above, Plaintiff's Motion for Attorney Fees is GRANTED IN PART and DENIED IN PART. For the reasons set forth above, Defendant is hereby ORDERED to pay Plaintiff the aggregate amount of $4,758.80.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: January 24, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 24, 2007.

                                              s/Marie E. Verlinde
                                              Case Manager
                                              (810) 984-3290